**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NORMA NIELSEN,
              Appellant,

    v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
SF-1221-18-0233-W-2

DATE: July 30, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nini Stewart, Esquire, Atlanta, Georgia, for the appellant.

Bende Toth, San Francisco, California, for the appellant.

Michael L. Halperin, Esquire, and Aisha Richey, Esquire, Monterey, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA)

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision's finding that the appellant proved that she made whistleblowing disclosures which were a contributing factor in the agency's decision to terminate her. We MODIFY the analysis in the initial decision regarding the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), still finding that the agency proved by clear and convincing evidence that it would have terminated the appellant absent her whistleblowing disclosures.

## BACKGROUND

On August 8, 2016, the appellant began an excepted service term appointment with the agency as an Assistant Professor, with a not-to-exceed date of August 9, 2017. *Nielsen v. Department of the Army*, MSPB Docket No. SF-1221-18-0233-W-1, Initial Appeal File (IAF), Tab 10 at 64. The position was at the agency's Defense Language Institute (DLI), European and Latin American Language School, located in Monetary, California. *Id*. The appellant's first-level supervisor was J.B., Spanish Language Department Chair, and her second-level supervisor was H.S., Dean of the European and Latin American

Language School.  IAF, Tab 22 at 7.  B.L. was the Provost of DLI.  IAF, Tab 16 at 11.  The appellant's term appointment was under a 1-year trial period and the agency reserved the right to terminate her appointment with a 7-day advanced notice period.  IAF, Tab 10 at 62; *see* 5 C.F.R. § 316.304.

Effective March 28, 2017, the agency terminated the appellant's appointment during her trial period, alleging that she failed to follow instructions, went outside of the chain of command, did not accept opportunities provided to her, and displayed unprofessional and disrespectful behavior through emails and in-person communications.[2]  IAF, Tab 1 at 26-27, Tab 10 at 20.  Following the receipt of her termination notice, the appellant filed a complaint requesting corrective action from the Office of Special Counsel (OSC), claiming that the termination was in reprisal for her whistleblowing disclosures.  IAF, Tab 1 at 8-25.  After OSC closed its investigation into the appellant's complaint with no further action, she timely filed this IRA appeal with the Board.  *Id*. at 8.

After holding a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action.  *Nielsen v. Department of the Army*, MSPB Docket No. SF-1221-18-0233-W-2, Appeal File, Tab 6, Initial Decision (ID) at 1-43.  The administrative judge found that the appellant made whistleblowing disclosures regarding being instructed to inflate student grades, to J.B. on February 8, 2017, to H.S. on March 8, 2017, to J.B. and H.S. on March 9, 2017, to B.L. on March 17, 2017, and to the agency's Office of the Inspector General (OIG) on March 21, 2017.  ID at 28-31.  These whistleblowing disclosures were found to be a contributing factor in the termination.  ID at 31.  The administrative judge then found that the appellant made a whistleblowing disclosure on March 1, 2017, to H.S., J.B., A.B., A.S., and P.D. regarding being incorrectly told by J.B. that she could not appeal her Initial Course Certification

---

[2] The agency issued the appellant her termination notice on March 21, 2017, complying with the 7-day advanced notice period.  IAF, Tab 1 at 26, Tab 10 at 62.

(ICC) result.[3]  ID at 34.  This disclosure, too, was found to be a contributing factor in the termination.  *Id*.  Lastly, the administrative judge determined that the agency proved by clear and convincing evidence that it would have terminated the appellant' appointment even absent her whistleblowing disclosures.  ID at 37-42.

The appellant filed a petition for review contesting the initial decision, challenging some of the administrative judge's credibility determinations from the hearing, and disputing the *Carr* factor analysis.  Petition for Review (PFR) File, Tab 1, Tab 4 at 22-29.  The appellant does not appear to be challenging any other findings from the initial decision.  PFR File, Tabs 1, 4.  The agency responded to the appellant's petition for review, to which the appellant filed a reply.  PFR File, Tabs 7-8.

## ANALYSIS[4]

In order to prevail on the merits of an IRA appeal, an appellant must prove by preponderant evidence that she made a whistleblowing disclosure as described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action outlined in 5 U.S.C. § 2302(a).[5]   5 U.S.C. § 1221(e)(1); *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39.  If an appellant meets her burden, then the Board shall order corrective action unless the agency shows by clear and convincing evidence that

---

[3] In the initial decision, the administrative judge found that the appellant did not prove that she made whistleblowing disclosures concerning general irregularities in the ICC process and she did not prove that she made whistleblowing disclosures regarding a hostile work environment.  ID at 32-37.  On review, the appellant does not take issue with these findings.  PFR File, Tabs 1, 4, 8.  Therefore, we affirm the administrative judge's findings in this regard.

[4] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[5] Termination is a personnel action under 5 U.S.C. § 2302(a)(2)(A).

it would have taken the same personnel action in the absence of the whistleblowing disclosure or protected activity. 5 U.S.C § 1221(e)(2); *see Corthell*, 123 M.S.P.R. 417, ¶ 8.

We affirm the administrative judge's finding that the appellant made whistleblowing disclosures that were a contributing factor in the termination.[6]

Protected whistleblowing takes place when an appellant makes a disclosure —including a disclosure to OIG—that she reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. 5 U.S.C. § 2302(b)(8)(A), (B); *DeLeonardo v. Equal Employment Opportunity Commission*, 103 M.S.P.R. 301, ¶ 6 (2006). An appellant need not show that the matter disclosed actually established a violation or other situation as described therein. *DeLeonardo*, 103 M.S.P.R. 301, ¶ 6. Instead, an appellant must prove that the matter disclosed was one which a reasonable person in her position would believe evidenced any of the situations set forth in 5 U.S.C. § 2302(b)(8). *Id*. The proper test for determining whether an appellant had a reasonable belief that her disclosures revealed misconduct prohibited under the whistleblower protection statutes is whether a disinterested observer, with knowledge of the essential facts known to and readily ascertainable by an appellant, could reasonably conclude that the disclosure describing the actions of

---

[6] When summarizing the issues to be adjudicated in this appeal, the administrative judge identified four disclosures that the appellant raised pursuant to 5 U.S.C. § 2302(b)(8). IAF, Tab 13 at 1-2, Tab 29 at 2; ID at 25. The appellant has not challenged the administrative judge's identification of these disclosures. We recognize that, in addition to the four disclosures noted in the record, some of the appellant's disclosures to OIG and her "Inspector General Action Request" could constitute activity protected by 5 U.S.C. § 2302(b)(9), her disclosure to the agency that her supervisor improperly accessed her hiring documents could be protected as a disclosure of an abuse of authority under section 2302(b)(8)(A), and her allegation that she did not pass her ICC evaluation as a result of her improper access disclosure could constitute an additional reprisal claim. However, because the appellant was given an opportunity to, but did not, raise such claims or object to the administrative judge's characterization of her disclosures and personnel actions below or on review, and she was represented by counsel at all relevant times, we do not address these matters any further.

the government evidences wrongdoing as defined in 5 U.S.C. § 2302(b)(8). *Id*. (citing *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999)). Moving to the contributing factor requirement, one way for an appellant to prove this is the knowledge/timing test, which includes evidence that the official taking the personnel action knew of the whistleblowing disclosure and that the action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the decision to take the contested action. 5 U.S.C. § 1221(e)(1)(A)-(B); *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 18 (2015).

Upon our review, we find that the administrative judge reached appropriate conclusions in the initial decision regarding the appellant's whistleblowing disclosures and whether such disclosures were a contributing factor in the termination. ID at 28-37. From an objective standpoint, one could reasonably conclude that the appellant's disclosures regarding grade inflation concerned a violation of a rule or policy. ID at 28; *see Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 9 n.3 (2014) (stating that while the appellant did not identify a specific law, rule, or regulation, she provided sufficiently detailed statements to implicate an identifiable violation of a law, rule, or regulation). Similarly, one could reasonably conclude that the appellant alleged an abuse of authority when making her disclosure regarding J.B. improperly denying her request to appeal her failed ICC determination because she needed to pass her ICC evaluation to remain teaching at DLI. ID at 34; *see Wheeler v. Department of Veterans Affairs*, 88 M.S.P.R. 236, ¶ 13 (2001) (outlining that an abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to others). The agency supervisors who made the termination decision, J.B., H.F., and B.L., indisputably had knowledge of her whistleblowing disclosures, as many of the disclosures were directed to them or directly involved them. ID at 31, 34; *see, e.g.*, IAF, Tab

16 at 11-12. Moreover, each of the appellant's whistleblowing disclosures occurred within 6 months of her termination. ID at 25; *see Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 13 (stating that 6 months is well within the range of time between a whistleblowing disclosure and a personnel action from which an inference of causation arises), *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009). Thus, the appellant satisfied the knowledge/timing test.

In reaching these conclusions, the administrative judge considered the evidence of record and made demeanor-based credibility determinations from the hearing testimony. ID at 2-42. Her findings and analysis on these issues are detailed, precise, and corroborated throughout the record. These findings, which the appellant does not specifically contest on review, are hereby affirmed. PFR File, Tab 4; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

We modify the initial decision's *Carr* factor analysis, but we still find that the agency proved by clear and convincing evidence that it would have terminated the appellant's appointment absent her whistleblowing disclosures.

Because the appellant met her burden of proving by preponderant evidence that her whistleblowing disclosures were a contributing factor in the termination, the analysis shifts to whether the agency proved by clear and convincing evidence that it would have taken the same action in the absence of those disclosures. *Corthell*, 123 M.S.P.R. 417, ¶ 8. In determining whether an agency meets its burden, the Board considers the relevant facts and circumstances, including (1) the strength of the agency's evidence in support of its action, (2) the existence and strength of any motive to retaliate on the part of agency officials involved in the decision, and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.

*Carr*, 185 F.3d at 1323. The Board does not view the *Carr* factors as discrete elements; rather, they are weighed together to determine if the pertinent record evidence is clear and convincing as a whole. *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 42 (2016).

In the initial decision, the administrative judge found that the agency proved by clear and convincing evidence that it would have terminated the appellant's appointment in the absence of her whistleblowing disclosures. ID at 37-43. On review, the appellant takes issue with the administrative judge's findings on each *Carr* factor, arguing that the agency's evidence in support of the termination is not strong, that the agency officials involved in the termination had a motive to retaliate against her, and that *Carr* factor 3 was not properly considered. PFR File, Tab 4 at 22-29.

As an initial matter, in support of the appellant's arguments on review, she contests some of the relevant credibility determinations made by the administrative judge. PFR File, Tab 4 at 24-29, Tab 8 at 8-10. In doing so, the appellant merely repeats portions of hearing testimony from various witnesses that she claims were contradictory. *Id.* The appellant also points to "moments of non-clarity" during J.B.'s testimony, even though the administrative judge highlighted some of these moments and took them into consideration when rendering her credibility findings. ID at 8 n.6; PFR File, Tab 4 at 28. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Upon our review, we find that the appellant's arguments do not constitute sufficiently sound reasons for disturbing the administrative judge's explicit and implicit credibility determinations; thus, we affirm them.

As set forth in the initial decision with regard to the first *Carr* factor, we agree that the evidence strongly supports the termination decision. ID at 38-41. The evidence of record substantiates that the appellant engaged in a pattern of misconduct that is unacceptable in the workplace, especially for a term appointee serving a trial period. *See McCormick v. Department of the Air Force*, 98 M.S.P.R. 201, ¶ 11 (2005) (stating that the Board recognizes that a supervisor has an obligation to use the probationary period to assess one's potential for success). Beginning with the most severe of the misconduct allegations, unprofessional and disrespectful behavior, the appellant sent numerous emails and engaged in communications with her supervisors and colleagues that were inappropriate. *See, e.g.*, IAF, Tab 15 at 29, Tab 16 at 14, Tab 17 at 14-15, Tab 18 at 14, 22, Tabs 35-36, Hearing Compact Discs (HCD) 1-2 (testimony of J.B. and H.S.). Through these communications, the appellant struck condescending tones, insulted a DLI faculty member's comprehension of the English language,[7] called her first-level supervisor's actions "sophomoric," and disregarded a response from her second-level supervisor. *Id*. The appellant also called her faculty mentor "too perfect" during an in-person meeting. PFR File, Tab 4 at 10. On review, the appellant concedes that some of her behavior was "unprofessional and disrespectful" and that she "act[ed] out against her better judgment." *Id*. at 26-27. The appellant argues that she acted in such a way because the agency provoked her. *Id*. Although the appellant may have been frustrated about the way that her superiors handled certain matters, we see no evidence to suggest that anyone at the agency was attempting to provoke her. Accordingly, the appellant's feelings of provocation do not significantly undermine the stated reasons for the termination.

The agency's evidence also shows that the appellant unnecessarily included employees on some of her email communications. IAF, Tab 15 at 29-30.

---

[7] The appellant wrote to P.D. that "part of the problem here, apparently, is perhaps your limited comprehension of the English language." IAF, Tab 18 at 14.

On review, the appellant claims that she did not violate any agency policy when doing so. PFR File, Tab 4 at 26. However, the agency never alleged that the appellant violated any policy; rather, it claimed that including other employees on emails that did not concern them was unnecessary. IAF, Tab 1 at 26. Thus, the evidence is strong that the appellant acted in an unprofessional and disrespectful manner.

Next, strong evidence in the record demonstrates that the appellant failed to accept opportunities that the agency provided to her during her trial period. Indisputably, the appellant had concerns and questions on the ICC process. IAF, Tab 16 at 33. Because of this, the appellant's second-level supervisor arranged a meeting with the appellant, the appellant's first-level supervisor, and a Faculty Development Specialist to discuss the ICC process. *Id*. In response, the appellant stated that she was "not interested in any meeting or conference as you and others have suggested." *Id*. In a similar vein, the appellant's first-level supervisor offered to meet with the appellant to discuss other issues that arose, and offered assistance in the ICC process, which the appellant continuously rebuffed. IAF, Tab 19 at 5-6, Tab 20 at 16; HCD 1-2 (testimony of J.B.). It is certainly troublesome for an employee serving a trial period, as the appellant was, to refuse opportunities to improve her performance and relationship with others. The agency proffered strong evidence that the appellant turned down these opportunities.

Pertaining to the allegation that the appellant failed to follow instructions, the appellant used the title of "Associate Professor" after being told by J.B. to use the correct title of "Assistant Professor," she took it upon herself to introduce L.D. to another DLI employee instead of just escorting L.D. to another agency office as J.B. instructed, and she was also away from her desk for more than 15 minutes without advising her supervisor. IAF, Tab 20 at 16-17; HCD 1-2 (testimony of J.B.). In finding the agency's evidence strong to support this misconduct, the administrative judge relied on hearing testimony from the

appellant, J.B., and L.D. ID at 38-41. On review, the appellant contests these credibility determinations. PFR File, Tab 4 at 23-28, Tab 8 at 8-10. As stated above, we find that the appellant has not set forth sufficiently sound reasons for disturbing the administrative judge's implicit and explicit credibility determinations. *See Haebe*, 288 F.3d at 1301. Accordingly, we find that the agency set forth strong evidence that the appellant failed to follow instructions.

The agency's evidence also strongly supports a finding that the appellant went outside of the established chain of command when she requested directly from P.D. that she (P.D.) withdraw as her ICC observer. IAF, Tab 18 at 12, 24. This request contradicted the instructions provided to the appellant regarding following the chain of command.[8] *Id.* at 24.

The appellant's assertion in her petition for review, that some of the charged misconduct is only "minor," may be true. PFR File, Tab 4 at 26. However, when viewing the appellant's conduct in totality, and considering that she was serving a trial period, it is clear that the agency proffered strong evidence supporting its termination decision. Therefore, we agree with the administrative judge that the agency has proven that *Carr* factor 1 weighs strongly in its favor. ID at 37-41.

Conversely, the *Carr* factor describing the existence and strength of the agency's motive to retaliate favors the appellant more than the administrative judge initially determined. ID at 41-42. As the appellant outlines in her petition for review, the administrative judge erred when she found that there was little to no motivation to retaliate on the part of the agency officials involved in the appellant's termination. ID at 41-42; PFR Tab 1 at 4, Tab 4 at 27-29; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012)

---

[8] We have concerns about the administrative judge's finding that the appellant's decision to raise the grade inflation allegation to the military side of DLI was a failure to follow the chain of command. ID at 39-40. The appellant did not allege in this appeal that the agency retaliated against her for any whistleblowing disclosure that she made to the military side of DLI regarding grade inflation, IAF, Tab 13 at 1-2, Tab 29 at 2; ID at 25, and we do not address this issue further.

(stating that "[t]o find zero evidence suggesting any retaliatory motive on this record is to take an unduly dismissive and restrictive view of *Carr* factor two"). The appellant's whistleblowing disclosures alleged grade manipulation and an abuse of authority in the ICC process. ID at 25. The contents of these disclosures reflect negatively on the agency's supervisors who made the decision to terminate the appellant, J.B., H.F., and B.L., as each held management positions within the DLI, as Department Chairperson, Dean, and Provost, respectively. IAF, Tab 16 at 11, Tab 22 at 7. It is conceivable that the allegations made by the appellant through her whistleblowing disclosures could impugn the reputation of those charged to lead an academic institution like DLI. *See Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 69 (2011) (finding a motive to retaliate because the proposing and deciding officials were high level officials and the whistleblowing disclosures reflected on them as representatives of the general institutional interests of the agency). Thus, we find that this *Carr* factor weighs in the appellant's favor.

Moving to *Carr* factor 3, the agency did not show that it took similar actions against employees who are not whistleblowers but otherwise similarly situated to the appellant. ID at 42. As the administrative judge found, the absence of evidence concerning this factor "tends to cut slightly against" the agency. *Miller v. Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016); ID at 42. Contrary to the appellant's argument on review, the administrative judge properly weighed this *Carr* factor. PFR File, Tab 4 at 29.

In the end, we conclude that the strength of the agency's evidence in support of the termination outweighs the other two *Carr* factors. *See McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶¶ 64-67 (2011) (finding that the strength of the agency's evidence supporting the appellant's termination outweighed the other *Carr* factors), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012). As discussed above, the agency used the trial period to assess the appellant's fitness for Federal employment and terminated her appointment based

on a pattern of improper behavior over many months. We are left with a firm belief that the agency would have taken the termination action even absent the appellant's whistleblowing disclosures.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.